352 A.2d 649.

SANDRA M. HAZEN *vs.* IRWIN M. HAZEN.

MARCH 11, 1976.

PRESENT: Paolino, Acting C. J., Joslin and Kelleher, JJ.

PAOLINO, J. On April 26, 1972, the petitioner, Sandra M. Hazen, filed a petition for absolute divorce against the respondent, Irwin M. Hazen, on the ground of extreme cruelty.[1] After a hearing on the petitioner's prayer for custody of the minor children of the parties, temporary support for herself and the children, and other relief, a decree was entered awarding to the petitioner custody of the children, an allowance for support of the children and ordering the respondent to make certain other payments.

On respondent's request we issued certiorari to review the support order entered by the Family Court, but, after determining that there was competent evidence to support the Family Court's findings, we denied and dismissed respondent's petition for certiorari and quashed the writ previously issued. *Hazen* v. *Hazen,* 112 R. I. 363, 310 A.2d 143 (1973).

Thereafter, on November 19, 1973, petitioner filed a petition for divorce from bed, board and future cohabitation, setting forth in addition to the ground of extreme cruelty the grounds of gross misbehavior and adultery.[2] The respondent subsequently filed a motion to dismiss the original petition, F.C. No. 72-1031, on the ground that petitioner's filing of the second petition, F.C. No. 73-2849, constituted an election of remedies.

The respondent's motion to dismiss was heard before a

---

[1]This petition is docketed in the Family Court as F.C. No. 72-1031.

[2]This petition is docketed as F.C. No. 73-2849 in the Family Court.

Family Court justice on February 8, 1974.[3] At the hearing, the trial justice held that, by filing the new petition, petitioner had effectively elected to change the nature of the action and in this manner elected not to prosecute the petition for absolute divorce. He concluded that having chosen a new course of action, petitioner had effectively abandoned her first petition and, thus, he stated that he would discontinue it.

The petitioner then requested permission to amend the second petition to one for absolute divorce. The trial justice granted petitioner's motion to amend, but denied her motion to treat both actions as a single action. He based his denial of the latter motion on the ground that he had already discontinued the first petition and that only the second petition was then pending before him. A decree incorporating his decision was entered on February 26, 1974, and on the same day petitioner filed the instant appeal.

The narrow issue raised by this appeal is whether the trial justice erred in granting respondent's motion to dismiss petitioner's original petition on the ground that her filing of the second petition on new grounds constituted an election of remedies and effectively discontinued her first petition.

It is clear from a reading of the transcript of the February 8, 1974 hearing that petitioner, by the filing of the second petition, did not intend to discontinue her original petition and proceed only with the second one. It is equally clear that petitioner's reason for filing the second petition was because the alleged gross misbehavior and adultery of respondent occurred subsequent to the filing of the original petition and because petitioner felt that

---

[3]During the course of this hearing on the motion to dismiss the trial justice denied petitioner's previously filed motion to consolidate the two petitions as well as her motion to discontinue the second petition.

under our rule in *Egidi* v. *Egidi,* 37 R. I. 481, 487, 93 A. 908, 911 (1915), a decree of divorce would not issue upon evidence of respondent's alleged misconduct occurring after the filing of the original petition. Thus, the filing of the second petition resulted from petitioner's desire to adhere to our rule rather than from an intention on petitioner's part to discontinue her first petition and proceed only with the second.

In our judgment the doctrine of election of remedies does not apply to marital misconduct which took place at different periods of time separated by the filing of a petition for divorce. We hold, therefore, that the trial justice erred in discontinuing the original petition. However, we are not persuaded that the mere reinstatement of the original petition, without more, is the most efficient way to dispose of the problem created by improper conduct of a respondent after the filing of the original petition.

Our research discloses a divergence of opinion among the courts in other jurisdictions which have considered this problem. *See Annot.,* 98 A.L.R.2d 1264 (1964). Some courts have held that where a petition or cross-petition for divorce is filed it must be supported by evidence of acts charged in the pleading, necessarily occurring before the pleading was filed, and that a decree of divorce or separation cannot be based upon evidence of similar or other acts occurring after the pleading was filed. *Id.* §2 at 1265-69.

Other courts have refused to permit a party in a divorce or separation action to amend or supplement the original petition or cross-petition by adding allegations of misconduct which occurred after the action was instituted and which was intended to serve as the grounds for a decree of divorce or separation. *Id.* §2 at 1269.

A third view has been expressed by a number of courts which have held that a petition or cross-petition filed in

a divorce action may be amended or supplemented by the addition of allegations of misconduct which occurred after the original pleadings were filed, and that such subsequent misconduct, if proved, can serve as the factual basis for a decree of divorce to be entered under the original pleadings. *Id.* §3 at 1269-76.

Many years ago this court said in *Egidi* v. *Egidi, supra,* that a petitioner "* * * must * * * obtain the decree, if at all, upon acts of the respondent committed by him before she filed her petition * * *." *Id.* at 487, 93 A. at 911. However, we have found no decision by this court refusing to permit a party in a divorce or separation action to amend or supplement the original petition or crosspetition by adding allegations of misconduct which occurred after the action was instituted or the cross-petition filed and which were intended to serve as the grounds for a decree of divorce or separation.

Notwithstanding our statement in *Egidi* v. *Egidi, supra,* we believe that the sounder rule is the one set forth by those courts which hold that a petition or cross-petition filed in a divorce action may be amended by the addition of allegations of misconduct which occurred after the original petition or cross-petition was filed, and that such subsequent misconduct, if proved, can serve as the factual basis for a decree of divorce to be entered under the original pleadings. We adopt this rule because we are convinced that the ends of justice will be better served by avoiding a multiplicity of actions and by affording litigants a speedier and more efficient procedure for the disposition of their cases.

Accordingly, we believe that the ends of justice would be served in this case by reinstating the original petition and by treating the second petition as an amendment to the original petition. This would avoid a multiplicity of actions and an unnecessary prolongation of this litigation.

The appeal of the petitioner is sustained, the decree appealed from is reversed, and the case is remanded to the Family Court for further proceedings in accordance with this opinion.

Mr. Chief Justice Roberts was present at oral argument but retired prior to consideration or decision of this case. Mr. Justice Doris did not participate.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner.

*Robert G. Crouchley,* for respondent.